## MORRIS v. CARNEGIE TRUST CO. et al.

### HENKEL v. SAME.

(Supreme Court, Appellate Division, First Department.   January 24, 1913.)

BANKS AND BANKING (§ 317*)—DISSOLUTION—PREFERENCES—DEPOSITORIES—
"MONEYS PAID INTO COURT."

Money deposited by a receiver or trustee in bankruptcy in a trust company designated by the bankruptcy court, under Bankruptcy Act July 1, 1898, c. 541, § 61, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3446), as a depository for money of bankrupt estate, and by the state comptroller, under Code Civ. Proc. § 746, as a depository of all "funds or moneys paid into court," is, under Banking Law (Consol. Laws 1909, c. 2) § 189, providing that all "moneys brought into court by order * * * of any court of record" may be deposited with any such corporation so designated by the state comptroller, and section 190, providing that, if dissolved, "the debts due from the corporation as * * * depository shall have preference," entitled to preference; moneys "paid into court," or "brought into court," meaning merely such as have come, by operation of law, in custodia legis, which they do when they come into the custody of an officer of the court, which a trustee or receiver in bankruptcy is.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1222; Dec. Dig. § 317.*

For other definitions, see Words and Phrases, vol. 2, p. 1999.]

Ingraham, P. J., dissenting.

Appeal from Trial Term, New York County.

Two actions, one by Robert C. Morris, as receiver, the other by William Henkel, Jr., as trustee, against the Carnegie Trust Company and others. From judgments dismissing the complaints, plaintiffs appeal. Reversed and rendered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Wallace Macfarlane, of New York City, for appellants.

Frank M. Patterson, of New York City, for respondents.

SCOTT, J.   These two appeals involve the question whether a receiver or trustee in bankruptcy who, under order of the bankruptcy court, has deposited funds in a state trust company, which has been designated by the state comptroller and under the provisions of the Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) is entitled to a preference over general creditors. The question was brought before the United States District Court in Matter of Bologh, 185 Fed. 625; but the District Judge refused to decide it, remitting the parties to the state courts.

In 1907, upon its own application, the Carnegie Trust Company was designated as a depository for the moneys of bankrupt estates under section 61 of the Bankruptcy Act, which reads as follows:

"Sec. 61. Depositories for Money.—Courts of bankruptcy shall designate, by order, banking institutions as depositories for the money of bankrupt estates, as convenient as may be to the residence of trustees, and shall require bonds to the United States, subject to their approval, to be given by such banking institutions, and may from time to time as occasion may re-

quire, by like order, increase the number of depositories or the amount of any bond or change such depositories."

Under the bankruptcy practice three classes of deposits are made in the designated depositories, to wit: (1) Deposits by receivers in bankruptcy, subject to withdrawal by checks signed by the receiver. (2) Deposits by trustees in bankruptcy, subject to checks signed by the trustee, countersigned by the referee in bankruptcy. (3) Deposits in composition matters to the credit of the judges of the United States District Courts. The third class has been recognized by the Carnegie Trust Company, and the superintendent of banks, as liquidator, as special deposits in trust, entitled to a preference in payment.

The deposits in question here are of the first and second classes. The Carnegie Trust Company, when these payments were made to it, was also a depository designated by the state comptroller under section 746, Code Civ. Proc., as a depository of "all funds or moneys paid into court." Section 189 of the Banking Law (Consol. Laws 1909, c. 2), referring to designated depositories, provides as follows:

"All *moneys brought into court by order* or judgment *of any court of record may be deposited with any such corporation,* that has been designated by the comptroller of the state of New York, as provided by the Code of Civil Procedure."

And section 190 as follows:

" * * * If dissolved by the Legislature or the court, or otherwise, *the debts due from the corporation* as such executor, administrator, guardian, trustee, committee *or depository shall have the preference.* The court or officer making such appointment may, upon proper application, require any corporation which shall have been so appointed, to give such security as to the court or officer shall seem proper, or upon failure of such corporation to give security as required, may remove such corporation from and revoke such appointment. Such court or officer may make orders respecting such trusts and require the corporation to render all accounts which such court or officer might lawfully require if such executor, administrator, guardian, trustee, receiver, committee or depositary were a natural person. Whenever any such corporation shall be designated by the comptroller of the state of New York as a depositary for funds and moneys paid into court, before receiving any such deposit, it shall give to the people of the state a bond in the form and manner, as provided by section forty-four of this chapter."

The plaintiff's claim is: (a) That the preference given by section 190 of the Banking Law, on the failure of a designated depositary of "moneys paid into court," deposited with it, is not confined to those cases only of moneys paid into court which are expressly provided for in the Code of Civil Procedure. (b) That the federal courts within the state of New York come within the words *"any court of record"* in section 189. (c) That bankruptcy funds deposited in a state trust company are *"moneys paid into court"* within the meaning of those words as used in section 186, or *"moneys brought into court by order or judgment of any court of record,"* as provided in section 189. (d) If these three points are established, then the plaintiffs are entitled to the preference given to such funds by the provisions of section 190.

As to the words "as provided by the Code of Civil Procedure," it is claimed by plaintiffs, and conceded by defendant, that they do not affect the question now under consideration, and are to be taken mere-

ly as qualifying the designation by the comptroller. If these moneys would have been entitled to a preference in payment if deposited in the trust company by a receiver or trustee appointed by a state court, and in obedience to an order of such court, I think it must follow that they are equally entitled to a preference when deposited under an order of the bankruptcy court, for the District Courts of the United States are unquestionably courts of record and therefore within the letter of section 189 of the Banking Law. No doubt it was competent for the bankruptcy court to designate as depositories state institutions which had not been designated by the state comptroller under the provisions of the Code of Civil Procedure; but that is not this case, and it is not unreasonable to assume that the Carnegie Trust Company was designated as a depository in bankruptcy because it had been designated by the state comptroller, and therefore, presumably, fell under the provisions of the state Banking Law as to preferential payment of trust deposits.

A question has arisen whether moneys received by a trustee or receiver under authority of a court, whether federal or state, are moneys "paid into court," or moneys "brought into court." I think they clearly are. The words "moneys paid into court" mean nothing different than moneys which have come, by operation of law, in custodia legis, and it does not matter, in my opinion, whether the moneys have actually come into the custody of the court itself, or of its clerk, or of any other officer of the court, which trustees and receivers in bankruptcy undoubtedly are. The question arose in Ex parte Prescott, 19 Fed. Cas. 1283, wherein a ship had been captured and sold as a prize, and the proceeds deposited by the marshal in a bank designated by the court. The clerk of the court claimed a fee by virtue of an act allowing him a percentage on all "moneys deposited in court." The court, per Story, J., held:

"Money deposited in court cannot mean brought in and deposited sedente curia, in the actual manual possession of the court. Such a construction would be against all practice as well as all legal reasoning. It must therefore mean money which is deposited subject to the order of the court, be it in whose actual possession it may, whether of a bank or an officer of the court. In such a case the bank or officer acts as the mere fiduciary or depositary of the court, and in legal contemplation the money is in the custody of the court."

Trustees and receivers in bankruptcy are expressly declared to be officers of the District Court (Bankruptcy Law, § 1, subd. 18), and it has been held repeatedly that, upon an adjudication of bankruptcy, title to the bankrupt's property becomes at once vested in the trustee, and placed in the custody of the bankruptcy court (Mueller v. Nugent, 184 U. S. 1–14, 22 Sup. Ct. 269, 46 L. Ed. 405; Murphy v. Hoffman Co., 211 U. S. 564, 29 Sup. Ct. 154, 53 L. Ed. 327; Whitney v. Wenman, 198 U. S. 539–552, 25 Sup. Ct. 778, 49 L. Ed. 1157; White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183). It seems to me to be quite clear, therefore, that the moneys deposited in the Carnegie Trust Company by the appellants were "moneys paid into court," as those words are used in the Banking Law. If so, I see no reason for making a distinction between state court funds and

federal court funds. They are both within the strict letter of the statute, and, as I think, within its spirit and intention.

The judgments appealed from should therefore be reversed, and judgments awarded to the appellants as prayed for in their complaints, with costs in both courts.

McLAUGHLIN, LAUGHLIN, and CLARKE, JJ., concur.

INGRAHAM, P. J. (dissenting). The Carnegie Trust Company was organized under the Banking Law of this state as a trust company. Article 5, c. 10, of the Laws of 1909 (Consol. Laws 1909, c. 2). By section 186 of the act the trust company was authorized to accept trusts from and execute trusts for married women, in respect to their separate property; to act under the order or appointment of any court of record as guardian, receiver, or trustee of the estate of any minor and as depositary of any moneys paid into court, as provided by the Code of Civil Procedure, whether for the benefit of any such minor or other person, corporation or party; to "take, accept and execute any and all such legal trusts, duties and powers in regard to the holding, management and disposition of any estate, real or personal, and the rents and profits thereof, or the sale thereof, as may be granted or confided to it by any court of record, or by any person, corporation, municipality or other authority"; to "take, accept and execute any and all such trusts and powers of whatever nature or description as may be conferred upon or intrusted or committed to it by any person or persons, or any body politic, corporation or other authority, by grant, assignment, transfer, devise, bequest or otherwise, or which may be intrusted or committed or transferred to it or vested in it by order of any court of record, or any surrogate, and to receive and take and hold any property or estate, real or personal, which may be the subject of any such trust"; and "to accept the appointment of executor or of trustee under the last will and testament, or administrator with or without the will annexed, of the estate of any deceased person, and to be appointed and to act as the committee of the estates of lunatics, idiots, persons of unsound mind and habitual drunkards." Section 189 of the act provides that such a trust company may be administrator, guardian or trustee, and provides for the granting of letters testamentary or of administration by any surrogate, or the issuance by any court of letters guardian of any infant. Section 190 of the act provides that:

"No bond or other security, except as hereinafter provided, shall be required from any such corporation for or in respect to any trust, nor when appointed executor, administrator, guardian, trustee, receiver, committee or depositary. * * * If dissolved by the Legislature or the court, or otherwise, the debts due from the corporation as such executor, administrator, guardian, trustee, committee or depositary shall have the preference."

The plaintiffs claim that the money deposited by the receiver or trustee in bankruptcy is entitled to be preferred over other deposits upon the dissolution of the trust company. The plaintiff in one of the actions was appointed by the United States District Court as re-

ceiver of a firm against whom proceedings in bankruptcy had been instituted, and in the second case the plaintiff had been appointed a trustee of a person who had been adjudicated a bankrupt. These plaintiffs had deposited these funds in the Carnegie Trust Company as a depositary, not under the specific order of a court of record, but it was the receiver and the trustee, respectively, who selected the Carnegie Trust Company as the depositary of the moneys coming into their hands. The Carnegie Trust Company had been, with other banks and trust companies, designated as a depositary of moneys of bankrupt estates under section 61 of the Bankruptcy Act; but there was no order of the court directing that this particular institution should be selected as the depositary of these moneys, nor, as I understand it, did the trustee or receiver receive this money as money paid into court. They were acting under the Bankrupt Act as the persons entitled to collect of the bankrupts the estate of the bankrupt and apply it to these creditors. Now, the money deposited by the receiver and trustee were ordinary deposits subject to check at sight, and it seems to me that the relation between the receiver and trustee anl the Carnegie Trust Company was the same as any other depositor who had opened an account and deposited money subject to check. It was not, strictly speaking, money paid into court, which involved a fund which the court holds, either by its clerk or by a depositary named by it, the moneys of parties to the litigation; but rather, as the depositary of moneys held by a trustee, it had received money deposited with a banking corporation for the purpose of safekeeping and which is under the control, not of the court, but of the trustee or receiver.

A consideration of the provisions of the Banking Law, to which attention has been called, shows that the preference intended to be given was in a case where the trust company had itself been appointed trustee, guardian, executor, administrator, committee, receiver, or depositary. Where the court itself had selected the trust company to act in one of these capacities, and where money thus in its possession was money which it had received in such a capacity, a preference was given. There is no express provision of the statute which gives to a receiver appointed by a state court a preference for moneys deposited by him as such receiver over other depositors. As it appears by the sections of the Banking Law before referred to, a trust company could be appointed by the court as its receiver, as its trustee, as an executor or administrator of an estate, and when, acting in such a capacity, it receives money or property, the parties entitled to that money or property are entitled to a preference; but there is no provision, as I read the statute, that when an executor, administrator, or other person, receiving money in a fiduciary capacity, selects a bank as its depositary, such executor or administrator or trustee should receive a preference for the money so deposited over other depositors. When the United States court designated this trust company as a depositary, it exercised an independent authority over which the state of New York had no control. It required the trust company to give a bond to secure its deposits, which it must be assumed was considered suf-

ficient to secure them. Such designation, it seems to me, had no relation to the Banking Law of the state of New York, and its act in making such designation gave to the receiver or trustee in bankruptcy no power to enforce a provision of the Banking Law which was intended solely to provide for cases where the courts of this state had designated this trust company as one to execute a trust, and to affect money or property which the trust company had received under such appointment or designation.

For this reason I think the judgment appealed from should be affirmed.